**VAN MATRE AND HARRISON, P.C.**
A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS AT LAW
1103 EAST BROADWAY, SUITE 101
POST OFFICE BOX 1017
COLUMBIA, MISSOURI 65201

**RECEIVED**

FEB 10 2003

Resch Polster Alpert & Berger LLP

CRAIG A. VAN MATRE
THOMAS M. HARRISON

EVERETT S. VAN MATRE
(1922-1998)

(573) 874-7777
TELECOPIER (573) 875-0017
E-MAIL tom@vanmatre.com

RANDAL J. OWINGS
CARLA K. WILLIAMS
MARK C. ABBOTT
MATTHEW S. VOLKERT*
HARRIET F. FRANCIS, OF COUNSEL
*Admitted in Missouri and Illinois

February 4, 2003

**Alliant Credit Facility, Ltd.**
c/o Alliant, Inc.
21550 Oxnard Street
Suite 1020
Woodland Hills, CA 91367

*True and correct photocopy of the filed originals*
Date 2-7-03

   Re:  Windsor Senior Apartments, L.P.

Ladies and Gentlemen:

   We are furnishing this opinion to you in connection with the admission to Windsor Senior Apartments, L.P., a Georgia limited partnership (the "Partnership"), of Georgia Tax Credit Fund, L.P., a Georgia limited partnership ("GTCF" or the "State Limited Partner") as the State Limited Partner of the Partnership pursuant to the Amended and Restated Limited Partnership Agreement of the Partnership dated as of February 4, 2003 (the "Partnership Agreement").

   The Partnership will construct, own and operate an apartment complex known as the Windsor Senior Apartments (the "Improvements") which is located on certain land (the "Land") located in Thomas County, Georgia. The Land and the Improvements are hereinafter referred to collectively as the "Apartment Complex". Capitalized terms used and not otherwise defined in this opinion have the meanings set forth in the Partnership Agreement.

   We are familiar with GTCF's organization and business.

   We have been asked by our client to furnish you with this opinion in connection with the admission of GTCF as the state limited partner of the Partnership and the subsequent assignment of investor limited partner interest and administrative limited partner interest and amendment to the Partnership Agreement (the "Amendment").

G:\AMY\letters\windsor-senior-opinion3.wpd

**VAN MATRE AND HARRISON, P.C.**
Alliant Credit Facility, Ltd.
February 4, 2003
Page 2

For purposes of this opinion, we have examined each of the following documents:

1. The Certificate of Limited Partnership (the "Certificate") of the Partnership filed with the Office of the Georgia Secretary of State (the "Filing Office") on April 10, 2001;

2. The Partnership Agreement;

3. The Certificate of Limited Partnership and partnership agreement of GTCF (the "GTCF Organizational Documents").

We have also examined all other documents and agreements known to us which, after due inquiry, we believe to be relevant to the opinions expressed below, including the organizational documents of the sole general partner of GTCF. In our examination, we have assumed the authenticity of original documents, the accuracy of certified copies and the genuineness of signatures. We have also assumed the due execution and delivery by all of the other partners of the Partnership (other than GTCF) of the documents to which such Limited Partner is a party.

Based on the foregoing, we are of the opinion that:

1. The Partnership Agreement and the Amendment have been duly executed by GTCF, by the sole general partner of GTCF. The sole general partner of GTCF has the requisite power and authority to execute the Partnership Agreement and the Amendment and to bind GTCF thereunder without the consent or joinder of any other party. Neither GTCF's execution and delivery of the Partnership Agreement and the Amendment, nor the performance by GTCF of any of its actions and duties contemplated under the Partnership Agreement has violated or will violate, to the best of our knowledge after due inquiry, (a) any agreement by which GTCF is bound or by which any of its property or assets is subject or (b) any law, regulation or court decree.

2. The Partnership Agreement and the Amendment are binding upon GTCF in accordance with its terms.

3. GTCF has the power and authority to enter into, execute, be bound by and perform its obligations under the Partnership Agreement and the Amendment. GTCF is a Georgia limited partnership in good standing under the laws of the State of Georgia. The sole general partner of GTCF is a Georgia limited liability company in good standing under the laws of the state of Georgia.

4. To the best of our knowledge, there is no event or proceeding which is pending, threatened or which has occurred which would materially adversely affect GTCF's ability to perform

VAN MATRE AND HARRISON, P.C.
Alliant Credit Facility, Ltd.
February 4, 2003
Page 3

its obligations under the Partnership Agreement or the Amendment. For purposes of this opinion, the term "event or proceeding" includes without limitation legal actions or proceedings before any court, commission, administrative body or other governmental authority having jurisdiction over GTCF and acts of any governmental authority.

5.  To the best of our knowledge, there is no default existing in the due performance or observance of any material obligation, agreement, covenant or condition contained in the Partnership Agreement or the Amendment on the part of GTCF.

Notwithstanding anything to the contrary set forth in this opinion, this opinion is subject to the following reservations and comments:

A.  The enforcement of specific provisions of documents may be limited by applicable bankruptcy, reorganization, insolvency, moratorium or other similar laws and by general principles of equity.

B.  Except as otherwise specifically set forth herein, we express no opinion as to the validity or accuracy of any warranty or representation made in connection with any documents pertaining to the transactions contemplated by the Partnership Agreement.

This opinion is given as of the date hereof and we assume no obligation to update or supplement this opinion in response to subsequent changes in the law or future events affecting the transactions contemplated by the Partnership Agreement.

Yours truly,

VAN MATRE and HARRISON, P.C.

By: _____
Thomas M. Harrison

TMH/acg

G:\AMY\letters\windsor-senior-opinion3.wpd